**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Juan Fuentes**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Best Candidates, LLC**, an Indiana Corporation, | |
| Defendant. | |

Plaintiff, Juan Fuentes ("Plaintiff"), sues the Defendant, Best Candidates, LLC ("Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a

minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

-2-

8. At all material times, Defendant Best Candidates, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Best Candidates, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Defendant Best Candidates, LLC is an Indiana limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Best Candidates, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Best Candidates, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. As a person who acted in the interest of Defendant in relation to the company's employees, Best Candidates, LLC is subject to liability under the FLSA.

11. At all relevant times, Plaintiff was an "employee" of Defendant Best Candidates, LLC as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

12. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant Best Candidates, LLC.

13. At all relevant times, Best Candidates, LLC was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

-3-

14. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant Best Candidates, LLC.

15. At all relevant times, Plaintiff was an "employee" of Defendant Best Candidates, LLC as defined by the Arizona A.R.S. § 23-350, et seq.

16. At all relevant times, Defendant Best Candidates, LLC was and continues to be an "employer" as defined by A.R.S. § 23-350.

17. At all relevant times, Plaintiff was an "employee" of Defendant Best Candidates, LLC as defined by A.R.S. § 23-362.

18. At all relevant times, Defendant Best Candidates, LLC was and continues to be an "employer" as defined by A.R.S. § 23-362.

19. Defendant Best Candidates, LLC individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

20. Plaintiff, in his work for Defendant Best Candidates, LLC was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

21. At all relevant times, Plaintiff, in his work for Defendant Best Candidates, LLC, was engaged in commerce or the production of goods for commerce.

22. At all relevant times, Plaintiff, in his work for Best Candidates, LLC, was engaged in interstate commerce.

23. Plaintiff, in his work for Defendant Best Candidates, LLC, regularly handled goods produced or transported in interstate commerce.

-4-

## NATURE OF THE CLAIM

24. Defendant owns and/or operates as Best Candidates, LLC, a staffing agency that is an enterprise located in Maricopa County, Arizona.

25. Plaintiff was hired by Defendant in or around May 15, 2020 and worked for Defendant for approximately two weeks.

26. Defendant, in its sole discretion, agreed to pay Plaintiff $13 per hour for all hours he worked.

27. Defendant placed Plaintiff with a canvas stretching company.

28. Defendant paid Plaintiff for the first and second workweek during which he worked for Defendant.

29. Defendant did not pay Plaintiff any wage whatsoever for the final workweek of his employment with Defendant.

30. On multiple occasions, Plaintiff complained to Defendant's Human Resources department about their failure to pay him for the hours he worked.

31. On multiple occasions, in response to Plaintiff's complaints, Defendant informed Plaintiff that they would "look into it."  Eventually, Defendant began to ignore Plaintiff's communications entirely.  However, no official response was ever provided to Plaintiff, and no wages were ever paid to Plaintiff.

32. Despite having worked approximately 11 total hours in the final workweek of his employment, Defendant did not pay Plaintiff any wages whatsoever for such hours worked.

33. As a result, Defendant failed to compensate Plaintiff any wage whatsoever for each and every workweek of the final workweek that he worked for Defendant.

34. As a result of Defendant's having willfully and improperly failed to compensate Plaintiff any wage whatsoever for such hours worked, Defendant failed to pay the applicable minimum wage to Plaintiff.

35. As a result of Defendant's having willfully and improperly failed to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated 29 U.S.C. § 206(a).

36. As a result of Defendant's having willfully and improperly failed to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated the AMWA, A.R.S. § 23-363.

37. Defendant has and continues to violate the FLSA by not paying Plaintiff the full applicable minimum wage for any hours that he worked for them.

38. Defendant has and continues to violate the AMWA by not paying Plaintiff the full applicable minimum wage for any hours that he worked for them.

39. Defendant has and continues to violate the AWA by not paying Plaintiff wages owed for any hours that he worked for them.

40. Plaintiff is a covered employee within the meaning of the FLSA.

41. Plaintiff is a covered employee within the meaning of the AMWA.

42. Plaintiff is a covered employee within the meaning of the AWA.

43. Plaintiff was a non-exempt employee.

44. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

45. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

46. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

47. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

48. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendant willfully and improperly failed to compensate Plaintiff any wage whatsoever for time he worked during the final workweek that he worked for Defendant.

51. As a result, Defendant failed to pay the applicable minimum wage to Plaintiff.

52. Defendant's practice of willfully and improperly failing to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work violated the FLSA, 29 U.S.C. § 206(a).

53. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Juan Fuentes, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

-8-

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendant willfully and improperly failed to compensate Plaintiff any wage whatsoever for the final workweek that he worked for Defendant.

56. As a result, Defendant failed to pay the applicable minimum wage to Plaintiff.

57. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

58. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Juan Fuentes, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendant willfully failed or refused to pay Plaintiff wages for the hours that Plaintiff worked for the final workweek that he worked for Defendant.

61. Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

62. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Juan Fuentes, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 15th Day of June, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*